IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


CARL VAN PUTTEN,                    :
                                    :
            Petitioner              :
                                    :
      v.                            :        CIVIL NO. 4:CV-17-85
                                    :
WARDEN EBBERT,                      :        (Judge Brann)
                                    :
            Respondent              :

## MEMORANDUM

January 25, 2017

## Background

Carl Van Putten, an inmate presently confined at the United States

Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg) filed this pro se habeas

corpus petition pursuant to 28 U.S.C. § 2241.  Named as Respondent is USP-

Lewisburg Warden D. Ebbert.  Petitioner has also filed an in forma pauperis

application (Doc. 3) which will be granted for the sole purpose of the filing of this

action with this Court.

Petitioner states  that he was convicted of murder while engaged in a

narcotics conspiracy following a jury trial in the United States District Court for

the Southern  District of New York.  On March 29, 2009, Van Putten was

1

resentenced to a term of life imprisonment.  See Doc. 1, ¶ 4.  Following a direct

appeal, Petitioner acknowledges that his conviction was affirmed by the United

States Court of Appeals for the Second Circuit.[1]  He also indicates that he

previously filed an unsuccessful petition for collateral relief pursuant to 28 U.S.C.

§ 2255.

   Petitioner also filed an earlier § 2241 action with this Court  which was

dismissed for lack of jurisdiction on May 12, 2016.  See Van Putten v. Ebbert,

Civil No. 4:CV-16-647.   By Order dated October 31, 2016, Petitioner's motion

for leave to file a successive § 2255 motion was denied by the Second Circuit.

See  Doc. 2, p. 33.

    A supporting memorandum accompanying the Petitioner's pending

action asserts that he should be permitted to file a successive habeas petition

because his § 2255 remedy is inadequate or ineffective.  Van Putten generally

contends that he is entitled to relief on the grounds that his sentence was

excessive under the standards developed in Alleyne v. United States, 570 U.S.

___, 133 S.Ct. 2151 (2013)  and Montgomery v. Louisiana, __ U.S. ___, 136

S.Ct. 718 (2016) .  Alleyne held that any fact that increases the mandatory

minimum sentence is an element which must be presented to the jury and proven

---

[1]    Petitioner indicates that his case was remanded for resentencing by the
Second Circuit on July 18, 2008.

beyond a reasonable doubt.  Petitioner also argues that because <u>Alleyne</u> defines a substantive right it should be applied  retroactively to cases on collateral review.[2] <u>See</u> Doc.  2, p. 13 .  As relief, Petitioner seeks his immediate release.

**<u>Discussion</u>**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004).  <u>See</u>, <u>e.g.</u>, <u>Mutope v. Pennsylvania Board of Probation and Parole</u>, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.).  The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)).  <u>See, e.g.</u>, <u>Patton v. Fenton</u>, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts

---

[2]  As discussed by this Court's May 12, 2016 Memorandum and Order in Van Putten's earlier case as well as the Second Circuit's October 31, 2016 Order denying  Petitioner's motion for leave to file a successive § 2255 motion <u>Alleyne</u> cannot be retroactively applied to cases on collateral appeal.  <u>See</u> <u>United States v. Winkelman</u>, 746 F. 3d 134, 136 (3d Cir.   March 26, 2014).

can be determined from the petition itself. . . ." <u>Gorko v. Holt</u>, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970).

## Second or Successive

As previously discussed, Petitioner filed an earlier § 2241 action with this Court which also challenged the validity of his conviction and sentence which transpired in the Southern District of New York.   The <u>Alleyne</u> based arguments raised in Van Putten's pending petition were included in his earlier habeas corpus action which was  previously dismissed by this Court for lack of jurisdiction.[3] Thereafter, Petitioner filed an unsuccessful petition with the Second Circuit seeking leave to file a second or successive § 2255 action.  His petition, which included his present <u>Alleyne</u> / <u>Montgomery</u> based claims, was denied.

Title 28 U.S.C. § 2244(a) and Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), set forth the pertinent authority for determination as to whether second or successive habeas corpus petitions may be reviewed by federal district courts.  <u>See</u> <u>Graham v. Warden, FCI-Allenwood</u>, 348 Fed. Appx. 706 (3d Cir. 2009)(§ 2244(a) bars

---

[3] The Memorandum clearly noted that the entry of dismissal did not preclude Petitioner from seeking  authorization from the Second Circuit to file a second or successive § 2255 petition

second or successive challenges to the legality of detention). Rule 9(b) of the

Habeas Corpus Rules provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3)and (4).

Section 2244(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Petitioner's submissions do not  show that he has not been granted leave

to file a second or successive habeas corpus petition by the United States Court of

Appeals for the Third Circuit.  Accordingly, under the requirements set forth in §

2244(b), Van Putten's pending  action cannot be entertained by this Court.  See

generally, Burgos v. Superior Court of Pa., 355 Fed. Appx. 585, 587 (3d Cir.

2009).

**Alleyne**

Petitioner is again apparently arguing that this Court has jurisdiction over

his § 2241 action by virtue of his ongoing  detention at USP-Lewisburg.  A

federal prisoner may challenge the execution of his sentence by initiating an

action pursuant to § 2241.  See  Woodall v. Federal Bureau of Prisons, 432 F.3d

235, 241 (3d Cir. 2005).   However, Van Putten's action is clearly challenging the

validity of his federal sentence.  As such, he is generally limited to seeking relief

by way of a motion pursuant to 28 U.S.C. § 2255.  In re Dorsainvil, 119 F.3d 245,

249 (3d Cir. 1997); Russell v. Martinez, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a

section 2255 motion filed in the sentencing court is the presumptive means for a

federal prisoner to challenge the validity of a conviction or sentence").

As previously discussed by the May 12, 2016 Memorandum and Order,

Van Putten's pending arguments are not based on a contention that his conduct is

no longer criminal as a result of some change in the law.  Nor has Petitioner

shown that he is unable to present his claims via a § 2255 proceeding.   Based

upon the same reasoning set forth in this Court's May 12, 2016 Memorandum and

Order, there is no basis for a determination that § 2255 is either inadequate or

ineffective to test the legality of Petitioner's sentence and therefore it does not fall

within the limited Dorsainvil exception.  Consequently, Van Putten's latest §

2241 petition is likewise subject to dismissal for lack of jurisdiction.  An

appropriate Order will enter.

BY THE COURT:

  s/ *Matthew W. Brann*
Matthew W. Brann
United States District Judge